**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Ste 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEBRA VOLLE, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBRA VOLLE,<br><br>     Plaintiff,<br><br>vs.<br><br>SHERWIN PETROLEUM INC., a California corporation, dba Petro Fuel; AZIM MODARRESSI, an individual; and DOES 1-10, inclusive,<br><br>     Defendants. | Case No. 19-cv-00545<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION AND DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

---

Complaint for Injunctive and Declaratory Relief, Restitution and Damages
1

# I.   SUMMARY

1. This is a civil rights action by Plaintiff DEBRA VOLLE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Petro Fuel and located at or about 2211 Monroe St, Santa Clara, CA 95050 ("Gas Station").

2. Plaintiff seeks damages, restitution, injunctive and declaratory relief, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, et seq.) and supplemental California statutes against Defendants SHERWIN PETROLEUM INC., a California corporation, dba Petro Fuel; AZIM MODARRESSI, an individual; and DOES 1-10, inclusive, (collectively "Defendants").the operators and/or owners of the Gas Station.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Act, the Disabled Persons Act, and Cal. Business & Professions Code § 17200 et seq.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## III. INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## IV. PARTIES

6. Defendants SHERWIN PETROLEUM INC., a California corporation, dba Petro Fuel; AZIM MODARRESSI, an individual; and DOES 1-10, inclusive, are, and were at the time of the incident(s), the owners, operators, lessors and/or lessees of the Gas Station (land and building),

and consist of a person (or persons), firm, company, and/or corporation.

7. Plaintiff DEBRA VOLLE is and at all times relevant herein was, a qualified individual with a physical disability as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff has been physically disabled for over a decade after having undergone multiple back surgeries that resulted in the severing of a nerve. Plaintiff depends on a scooter or a walker for mobility. Plaintiff possesses a disabled parking placard issued by the State of California and is a resident of San Jose, California. Consequently, Plaintiff is unable, due to her physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require mobility aids. Plaintiff was denied her rights to full and equal access to the Gas Station, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals.

**V. FACTS**

8. On November 27, 2018 Plaintiff visited the Gas Station with a friend to purchase a lottery ticket at the Gas Station's food mart. Plaintiff, however, was unable to even go inside of the food mart for a number of reasons. Namely, the ramp to the front entry door was very steep and had very steep flared sides. Moreover, the path after the ramp was blocked by outside seating. Also, the width of the path by the front door was less than 48 inches thereby making it difficult for Plaintiff to navigate safely through the path. Lastly, the front door clear space at push side was less than 48 inches and did not have 24 inches clear space at pull side, making it difficult if not impossible for Plaintiff to enter inside. Rather than risking injury, Plaintiff had no choice but to wait outside as her friend made the purchase. Even if Plaintiff was able to get inside, she would not be able to maneuver around as the interior path does not provide 44 inches between aisles. Plaintiff left feeling like a second class citizen, suffered difficulties, discomfort, and embarrassment and has been deterred on multiple occasions from returning to the Gas Station.

9. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified

access consultant do an informal investigation of the Gas Station. While he could not make detailed measurements, he determined that the Gas Station was also inaccessible in multiple other ways, including, but not limited to, the following:

- No path of travel from public right of way
- No path from ADA parking to front door
- ADA parking not marked (no striping)
- ADA parking sign missing van and penalty
- No tow away sign
- Fuel dispenser CC is high
- Interior path does not provide turning space by coffee machine
- Fire extinguisher blocked behind door
- No clear space in front of ATM
- No clear space in front of counter
- Bathroom:
    - Door less than 32" passage
    - No clear space at push side
    - Door handle hard to operate
    - Door lock hard to operate
    - No turning space in bathroom
    - WC activator on tight side
    - Grab bars not correct size or location
    - Toilet paper dispenser out of reach
    - Mirror high
    - Pipes under sink not wrapped
    - No transfer space between sink and toilet

10. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One*

1  *Imports (USA), Inc.,* 631 F.3d 939 (9ᵗʰ Cir. 2011), and the General Order 56 requirements for

2  Northern District of California "ADA" Title III cases. All of these barriers to access render the

3  premises inaccessible to and unusable by the physically disabled. All facilities must be brought

4  into compliance with all applicable federal and state code requirements, according to proof.

5       11. Defendants knew that these elements and areas of the Gas Station were inaccessible,

6  violate state and federal law, and interfere with, or deny access to the physically disabled.

7  Moreover, Defendants have the financial resources to remove these barriers from the Gas Station

8  without much difficult or expense, and make the Gas Station accessible to the physically

9  disabled. To date, however, Defendants have failed to remove these barriers. In that regard,

10  Defendants could have but did not avail themselves of the tax deduction and tax credits provided

11  by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

12       12. At all relevant times, Defendants have possessed and enjoyed sufficient control and

13  authority to modify the Gas Station to remove impediments to the physically disabled and to

14  comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

15  regulations. Defendants have not removed such impediments and have not modified the Gas

16  Station conform to accessibility standards.

17  **VI. FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING:**

18  **THE CALIFORNIA DISABLED PERSONS ACT, CIVIL CODE § 54 et seq. AND THE**

19  **AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §§,**

20  **54(c), 54.1(d)**

21  **(Against all Defendants and Each of Them)**

22       13. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 for this

23  claim.

24       14. The Gas Station is a place of public accommodation and/or places to which the

25  general public is invited and, as such, they are obligated to comply with the provisions of the

26  Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

27       15. The CDPA guarantees, inter alia, that persons with disabilities have the same right as

28  the general public to the full and free use of the streets, highways, sidewalks, walkways, public

buildings, public facilities, and other public places. California Civil Code § 54.

16. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a) (1).

17. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, at the Gas Station due to her disability.

18. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages pursuant to California law.

19. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus independently justifying an award of damages pursuant to California law.

20. For each offense of the CDPA, Plaintiff seeks actual damages (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense.

WHEREFORE, Plaintiff requests relief as outlined below.

**VII. SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51, 52 AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE § 51(f)**

**(Against all Defendants and Each of Them)**

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 for this claim and incorporates them herein.

22. At all times relevant to this complaint, California Civil Code § 51 has provided that disabled persons are free and equal citizens of the state, regardless of disability or medical condition:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. California Civil Code § 51(b).

23. California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disabilities constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

24. Defendant's discrimination constitutes a separate and distinct violation of California Civil Code § 52 which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5 or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5 or 51.6.

25. Further, any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to Cal Civ. Code § 51(f) which states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section."

26. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of Defendants' action and omissions Defendants have discriminated against Plaintiff in a violation of Civil Code §§ 51 and 51.

WHEREFORE, Plaintiff requests relief as outlined below.

## VIII. THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 USC §§ 12101 et seq.)

### (Against all Defendants and Each of Them)

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 for this claim and incorporates them herein.

28. As part of the Americans With Disabilities Act of 1990 ("ADA") Congress passed Title III Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 et seq. The Gas Station and its food mart are the "private entities" which are considered "public accommodations." § 301 (7)(B) & (F).

29. The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

30. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 et seq.

31. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times "readily achievable" under the standards §§ 301 and 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per § 302(b)(2)(A)(v) )(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were readily achievable.

32. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation since on or before Plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 et seq., Plaintiff is entitled to the remedies and procedures set forth in §204(a) 204(a) of the Civil

Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination. Pursuant to § 308(a) (2), "In cases of violations of §302(b) 302(b) (2) (A) (iv) and § 303(a) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

33. Plaintiff seeks relief pursuant to remedies set forth in §204(a) 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of§ 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

WHEREFORE, Plaintiff requests relief as outlined below.

## IX. FOURTH CAUSE OF ACTION: VIOLATION OF THE UNFAIR COMPETITION ACT

### (California Business and Professions Code § 17200, et seq.)

### (Against all Defendants and each of Them)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 33 of this Complaint, and incorporates them herein as if separately repled.

35. Defendants are a for-profit corporations organized under California law.

36. Defendants, and each of them, have engaged and are engaged in unfair competition, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Business & Professions Code §§17200 et seq.

37. Defendants, and each of them, engage in business practices and policies that create systemic barriers to equal access for people with mobility disabilities, including Plaintiff. Their practice is to create and maintain a public accommodation that contains physical barriers to

access in violation of state and federal law, to create and maintain policies that blame the disabled person for his/her inability to achieve equal access, and to offer humiliating false alternatives.

38. Defendants, and each of them, are in violation of the Americans with Disabilities Act, California Civil Code sections 51, 52, 54, and 54.1, and  as well as regulations under California Building Code Title 24 and the American with Disabilities Act Standards. This statutory scheme is intended to provide people with disabilities full and equal access to places of public accommodation and businesses, including gas stations and its related facilities. Full and equal disabled access has been identified as a public policy of the highest order.

39. Violations of those statues are unlawful. Violation of those statutes also violate an established concept of fairness, are immoral, unethical, oppressive and unscrupulous.

40. The unfair business practices and policies were unfair and injurious to Plaintiff, a consumer of the Gas Station's goods and services. Plaintiff suffered injury in fact and has lost money or property as a result of Defendants' unfair business practices and policies. Plaintiff was given less access to the goods and services of the Gas Station than other customers, although she paid the same price as other patrons.

41. Plaintiff seeks relief in the form of such orders as may be necessary to prevent the continued use of Defendants' unfair business practices and policies, and restitution to restore to her any money that Defendants acquired by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies given to the Defendants by Plaintiff.

42. Because enforcement of the panoply of equal access laws for people with disabilities is a public policy of the highest order, Plaintiff seeks compensation for her attorneys' fees, litigation cost and expenses expended in bringing this lawsuit per Cal. Civ. Prop. § 1021.5.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a permanent injunction[1] directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to Plaintiff and issue a permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable restitution for Defendants' unfair competitive practices;

5. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

6. Award to Plaintiff prejudgment interest;

7. A declaration that Defendants have violated the Americans with Disabilities Act; and

8. Grant such other and further relief as this Court may deem just and proper.


Dated: January 30, 2019          ALLACCESS LAW GROUP


By: /s/  *Irene Karbelashvili*
        Irene Karbelashvili, Attorneys for Plaintiff
        DEBRA VOLLE

---
[1] Plaintiff does not seek relief under Civ. Code §55

1

### DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

5     Dated: January 30, 2019              ALLACCESS LAW GROUP

6

7                                          By: /s/  *Irene Karbelashvili*

8                                             Irene Karbelashvili, Attorneys for Plaintiff
                                              DEBRA VOLLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28