UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA VOLLE,<br>　　Plaintiff,<br>　　v.<br>SHERWIN PETROLEUM, INC.,<br>　　Defendant. | Case No. 19-cv-00545-PJH<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT** |

The court has reviewed Magistrate Judge Cousins' Report and Recommendation Re: Motion for Default Judgment. No objections to the report have been filed. The court finds the report correct, well-reasoned and thorough insofar as it found defendant Sherwin Petroleum, Inc.'s liability in some respects established by the well-pleaded allegations of the operative complaint, and insofar as it assessed the appropriate scope of injunctive relief. Accordingly, the court adopts the report in those respects. The court however, addresses defendant's liability in other respects, as well as plaintiff's requests for fees, costs, and expenses, as follows.

**BACKGROUND**

The pending motion for default judgment concerns an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the Unruh Act, Cal. Civ. Code §§ 51 et seq., by individual plaintiff Debra Volle against defendant Sherwin Petroleum, Inc. ("Sherwin Petroleum" or "defendant"). Azim Modarressi was named as a codefendant in the original complaint, but plaintiff voluntarily dismissed him from the action without prejudice twelve days after filing that complaint. See Dkts. 1, 6.

The court recounts the allegations of the First Amended Complaint ("FAC") for purposes of this motion. See FAC, Dkt. 16. Volle has been physically disabled for over a decade after having undergone multiple back surgeries that resulted in the severing of a nerve. Plaintiff depends on a scooter or a walker for mobility, and she is a resident of San Jose, California.

On November 27, 2018, Volle visited a gas station operated by defendant with a friend to purchase a lottery ticket. Plaintiff was unable to enter the gas station's food mart because the ramp to the front entry door was steep and had steep, flared sides that were unable to accommodate her scooter or walker. The path at the top of the ramp was also blocked by outside seating. Additionally, the width of the path by the front door was less than 48 inches, and the front door clear space at push side was less than 48 inches and did not have 24 inches clear space at pull side. Rather than attempting to enter in the face of those conditions, plaintiff waited outside the mart as her friend made a purchase. Plaintiff left feeling like a second-class citizen and has been deterred on "multiple occasions" from returning to the gas station. See FAC ¶ 8.

Volle filed this action on January 30, 2019. Dkt. 1. Volle served the defendant's authorized agent, Mohammad Hossein Beirami, with the summons and complaint on February 7, 2019. Irakli Decl., Exs. AA & DD.[1] A General Order 56 joint site inspection took place on March 19, 2019. FAC ¶ 10 & Ex. A.

On July 10, 2019, Volle filed an amended complaint incorporating findings from the site inspection. See FAC. On July 17, 2019, plaintiff served the amended complaint on Sherwin Petroleum's agent, Mohammad Beirami. See Irakli Decl., Ex. BB. The complaint seeks injunctive relief, damages, and recovery of attorneys' fees and costs. The Clerk of Court entered default against Sherwin Petroleum on August 27, 2019. Dkt. 22.

---

[1] Docket Number 27-5 is the "Irakli Decl." Docket Number 27-13 is the "Irene Decl." The third exhibit to the Irakli Decl. is referred to in this order as Ex. CC, although plaintiff appears to have mislabeled that exhibit as a second "Exhibit BB." Compare Dkt. 27-7 with Dkt. 27-8.

On September 30, 2019, plaintiff filed a motion for default judgment. Mot., Dkt. 27-1. The magistrate judge's deputy received an email from Mohammad Beirami on October 6, 2019, indicating his intention to represent Sherwin Petroleum in the case. See Dkt. 30. The magistrate judge referred Mr. Beirami to a program offering free assistance for pro se litigants and advised him that, if he was not an attorney, he could not represent Sherwin Petroleum because Sherwin Petroleum is a corporation. Id. Sherwin Petroleum has not made an appearance in this action.

Magistrate Judge Cousins issued a report and recommendation recommending granting the motion and awarding plaintiff $12,000 in statutory damages, $10,664.50 in attorneys' fees and costs, and injunctive relief requiring modification of the property by November 30, 2020. Dkt. 33. No party has objected to that report and recommendation, and the deadline to do so has passed

## DISCUSSION

**A. Legal Standards**

**1. Review of Report and Recommendation**

Review of a magistrate judge's report and recommendation regarding a dispositive motion is governed by Federal Rule of Civil Procedure 72(b). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

"[W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." Thomas v. Arn, 474 U.S. 140, 154 (1985) (discussing case where "the District Judge made a de novo determination of the petition despite petitioner's failure even to suggest that the Magistrate erred"); see also Piolin Prods., Inc. v. Velez, Case No. 07-cv-05245-RMW, 2008 WL 3380806, at *1 (N.D. Cal. Aug. 8, 2008) ("Of course, a party that has never

made an appearance also cannot file an objection to the magistrate judge's report and recommendation. To be cautious then, the court has reviewed de novo the entirety of [Magistrate] Judge Spero's report regarding the facts[.]"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### 2. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). To assist courts in determining whether default judgment in appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir.1987). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c) to "what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### 3. Attorneys' Fees, Litigation Expenses, and Costs

A district court may, in its discretion, allow the prevailing party in an ADA action a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. "The Supreme Court has explained that, in civil rights cases, the district court's discretion is limited. A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks and citations omitted).

4

"A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. The district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel. The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1158 (9th Cir. 2018) (internal quotation marks and citations omitted).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "There is a strong presumption that the lodestar figure represents a reasonable fee." Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010) ("the presumption is a 'strong' one"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. The fee applicant must "submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433.

## B. Damages

Plaintiff seeks $12,000 in statutory damages. The Unruh Act sets out a minimum amount of statutory damages at $4,000 per instance of discrimination. Cal. Civ. Code § 52(a).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., 826 F.2d at 917–18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). The court's duty to take facts relating to liability as true is limited to the facts in the pleading. "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." Danning v. Lavine, 572 F.2d 1386, 1388 (9th

5

Cir. 1978); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992) ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default"); see also Rasmussen v. Dublin Rarities, Case No. 14-cv-1534-PJH, 2015 WL 1133189, at *15 n.5 (N.D. Cal. Feb. 27, 2015) (allegations that appear in "declarations filed in support of Plaintiff's motion for default judgment" but "do not appear in the complaint" are considered "solely with respect to damages," not liability) (adopting report and recommendation); Johnson v. RK Inv. Properties, Inc., Case No. 18-cv-01132-KAW, 2019 WL 1575206, at *4 (N.D. Cal. Mar. 18, 2019), adopted by Case No. 18-cv-01132-YGR, 2019 WL 1571071 (N.D. Cal. Apr. 11, 2019) (same).

Here, plaintiff amended her complaint on July 10, 2019. See FAC. Paragraph 8 of that complaint indicates that plaintiff attempted to but could not enter the store on November 27, 2018. FAC ¶ 8. The final sentence of that paragraph states "Plaintiff left feeling like a second class citizen, suffered difficulties, discomfort, and embarrassment and has been deterred on multiple occasions from returning to the Gas Station." Id. Plaintiff does not allege that she was deterred from entering on any particular subsequent occasion. Rather, plaintiff relies on her vague description of being deterred on "multiple occasions." That allegation is not sufficiently-specific to support a finding of defendant's liability for any instance of discrimination, other than on November 27, 2018.

Plaintiff filed a declaration with her motion for default judgment in which, for the first time, she stated that on January 8, 2019 and February 10, 2019, she wanted to stop at the gas station but was deterred from doing so.[2] Volle Decl., Dkt. 27-2 ¶ 6. Plaintiff's declaration that she was deterred provides factual support relevant to defendant's potential liability for two instances of discrimination not alleged in the complaint. But, as described above, this court's finding of liability is limited to the complaint's well-pled

---

[2] Although both dates found in Volle's declaration occurred prior to the filing of her FAC, neither was alleged therein.

1 allegations.

2 The complaint supports a finding of liability for only a single instance of
3 discrimination under the Unruh Act. As such, statutory damages for violation of that act
4 must be based on that single, well-pled violation. Here, the court finds that damages in
5 the amount of $4,000 for that violation are appropriate. See Cal. Civ. Code § 52(a).

**C.    Fees**

Plaintiff seeks $6,525 in attorneys' fees. She seeks $2,925 for 9 hours billed by Irene Karbelashvili at a rate of $325 per hour. She also seeks $3,600 for 14.4 hours billed by Irakli Karbelashvili at a rate of $250 per hour.[3]

**1.    Irakli Karbelashvili**

Plaintiff seeks fees for 14.4 hours Irakli worked on the case. See Irakli Decl., Ex. CC.[4] The hourly rate is adequately supported.

Regarding Irakli's billed time, the court finds it inappropriate to award fees for the hours attributed to two billing entries.

First, Irakli seeks fees for 0.2 hours billed on February 11, 2019 for time spent on a phone call with Azim Modarressi. Modarressi was a former co-defendant against whom the action was voluntarily dismissed, purportedly because he did not have an ownership interest in the gas station. Plaintiff has not prevailed against him, so time spent litigating against him alone is not recoverable. Because this time is identifiably distinct from any work relating to the defaulting defendant, it is inappropriate to assess fees against the defaulting defendant for that work. See Hensley, 461 U.S. at 435 (where "counsel's work on one claim will be unrelated to his work on another claim . . . . [t]he congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for

---

[3] Because the two attorneys share a last name, the court refers to each by first name.

[4] Plaintiff's papers cite to "Ex. CC" for Irakli's reported hours, and as discussed above the court relies upon the second "Exhibit BB," which is plainly the attorney's billing statement. See Dkt. 27-8.

7

1    services on the unsuccessful claim").

2    Second, Irakli seeks fees for 0.1 hours billed on August 25, 2019 for time spent
3    drafting a notice of his law firm's change of address. This is a purely clerical task, and
4    the court declines to award fees based on an attorney's time spent completing it.
5    Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at
6    hourly rates, the court should reduce the hours requested to account for the billing
7    errors."); see also Santiago v. Equable Ascent Fin., Case No. 11-cv-3158-CRB, 2013 WL
8    3498079, at *3 (N.D. Cal. July 12, 2013) ("tasks such as mailing, obtaining transcripts,
9    researching filing procedures, the time spent recording hours worked, and collecting
10   documents [are] examples of clerical work that are not billable").

### 2. Irene Karbelashvili

Plaintiff seeks fees for 9 hours Irene worked on the case. See Irene Decl., Ex. A. The hourly rate is adequately supported.

Regarding Irene's billed time, the court finds it inappropriate to award fees for the hours attributed to three billing entries.

First, Irene seeks fees for 0.1 and 0.2 hours billed on February 11, 2019—across two different billing entries—for time spent working on a notice of dismissal regarding Modarressi. This time is not recoverable both because the work is clerical in nature, and because plaintiff has not prevailed on her claim against Modarressi. This time is clearly segregable as time spent litigating against him alone.

Second, Irene seeks fees for 0.1 hours billed on May 29, 2019 for time spent drafting a notice of her personal unavailability. This is a purely clerical task not related to advancing the litigation, and the court declines to award fees based on an attorney's time spent completing it. See Nadarajah, 569 F.3d at 921; Santiago, 2013 WL 3498079, at *3.

### D. Costs

Plaintiff seeks recovery of litigation expenses in the amount of $625. That appears to come from a $400 filing fee and $225 in costs of serving documents. See Irene Decl. ¶¶ 8–9, Ex. B.

These costs are adequately supported, except for the fact that $75 is attributed solely to serving Azim Modarressi, an individual who was dismissed without prejudice. See Irene Decl., Ex. B at ECF p. 3. Plaintiff has not prevailed against Modarressi, and the court declines to compel defendant to pay for costs plaintiff incurred solely to advance abandoned claims against the dismissed co-defendant.

**E.  Litigation Expenses**

Plaintiff seeks to recover litigation expenses paid to a single expert, Bassam Altwal. Altwal billed plaintiff for 16 hours of work at a rate of $275/hour for substantive work, and at $90/hour for administrative work. His total bill to plaintiff amounted to $4,339.50. However, plaintiff seeks to recover only $3,514.50. That figure is achieved by halving Altwal's $275/hour billing rate for 6 hours of his travel time.

Altwal's hourly rate for substantive work is adequately supported.

Regarding Altwal's billed time, the court finds it inappropriate to award the full amount sought based on hours attributed to four billing entries. See Altwal Decl., Dkt. 27-10, Ex. 2.

First, Altwal submitted bills for 4 hours on each January 8, 2019 and March 19, 2019. For each entry, Altwal billed $825 for three hours spent traveling, and $275 for one hour spent conducting a site visit. For the six total hours of travel time, plaintiff's motion instead seeks an hourly rate of $137.50 (totaling $825 for all six hours), based on halving Altwal's substantive $275/hour billing rate. See Mot. at 18. Notably, Altwal has himself determined his billing rate for non-substantive work. He has established his rate "for administrative tasks and data entry" at $90/hour. Id. at 18 n.6. Given that Altwal has himself established a specific, distinct rate for this type of non-substantive work that does not employ his skill as an expert, the court finds it appropriate to use that rate to calculate the plaintiff's reasonable litigation expenses for Altwal's travel time. Accordingly, the six hours of travel time justify $540 in reasonable litigation expenses, rather than the $825 sought.

Second, Altwal billed for 1 hour on January 8, 2019 spent on the phone with an

1 attorney.  However, a comparison with Irakli's billing statement describing the same call
2 shows that only half an hour of time spent on that call was billable activity.  Compare
3 Altwal Decl., Ex. 2 at 2 with Irakli Decl., Ex. CC at 1.

Third, Altwal submitted expenses for 0.5 hours on September 23, 2019 for time spent on "administrative work (billing)."  Altwal Decl., Ex. 2 at 2.  The court declines to award litigation expenses based on Altwal's time performing clerical work that is better considered part of his overhead.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion for default judgment in part, in accordance with this order.  The court awards plaintiff the injunctive relief specified in the magistrate judge's report and recommendation.  The court further awards plaintiff damages totaling $4,000, costs totaling $550, attorneys' fees totaling $6,270, and litigation expenses totaling $3,047—for a total of $13,867.

**IT IS SO ORDERED.**

Dated:  January 16, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge