UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA VOLLE,
    Plaintiff,

v.

SHERWIN PETROLEUM, INC.,
    Defendant.

Case No. 19-cv-00545-PJH

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 40

Before the court is plaintiff Debra Volle's ("plaintiff") motion for relief from judgment. Dkt. 40. Defendant Sherwin Petroleum, Inc. ("Sherwin Petroleum" or "defendant") has not appeared in this action. The matter is fully briefed and suitable for decision without oral argument. Having read plaintiff's papers and carefully considered her arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

On January 30, 2019, plaintiff filed a complaint against Sherwin Petroleum alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Unruh Act, Cal. Civ. Code § 51 et seq. Dkt 1. Plaintiff served defendant's authorized agent with the summons and complaint on February 7, 2019. On July 10, 2019, plaintiff filed a First Amended Complaint ("FAC") incorporating the results of a General Order 56 joint site inspection with defendant that took place on March 19, 2019. Dkt. 16, ¶ 10. Despite the fact that defendant participated in the joint site inspection and plaintiff served a copy of the FAC on defendant, Sherwin Petroleum has not appeared before this court. Accordingly, the Clerk of Court entered default against defendant on August 27, 2019.

Dkt. 22.

Upon plaintiff's motion for default judgment, Magistrate Judge Cousins issued a report and recommendation recommending that this court grant the motion, award plaintiff $12,000 in statutory damages, $10,664.50 in attorneys' fees and costs, and enter injunctive relief requiring modification of defendant's property. The court granted plaintiff's motion for default judgment, awarded plaintiff statutory damages totaling $4,000, costs totaling $550, attorneys' fees totaling $6,720, and litigation expenses totaling $3,047, for a total of $13,867. Dkt. 38. The court also awarded plaintiff "the injunctive relief specified in the magistrate judge's report and recommendation." Id. at 10. The court then issued judgment, but only indicated the damages, attorneys' fees, and costs and did not order injunctive relief. Dkt. 39. Plaintiff filed the present motion pursuant to Federal Rule of Civil Procedure 60(a) to amend the judgment and include an order for injunctive relief. Dkt. 40.

Federal Rule of Civil Procedure 60(a) provides, in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). A district court's jurisdiction to enter an order nunc pro tunc under Rule 60(a) "is limited to making the record reflect what the court actually intended to do at an earlier date, but which it did not sufficiently express or accomplish due to some error or inadvertence." Nisenan Tribe of the Nev. City Rancheria v. Jewell, 650 Fed. App'x 497, 499 (9th Cir. 2016) (quoting United States v. Sumner, 226 F.3d 1005, 1010 (9th Cir. 2000)). "What the district court intended to do may be determined by looking to the circumstances surrounding the original order and also to the court's subsequent statements of its original intent, providing that the record gives no reason to doubt such statements." United States v. Alisal Water Corp., No. 5:97-CV-20099-EJD, 2019 WL 2603311, at *3 (N.D. Cal. June 25, 2019) (citing Guenther v. United States, 44 Fed. Appx. 149, 150 (9th Cir. 2002)).

Here, the court granted plaintiff's motion for default judgment and adopted

Magistrate Judge Cousins' report and recommendation, including the injunctive relief detailed therein. The judgment did not include the injunctive relief, but the court intended to award plaintiff injunctive relief as evidenced by adopting the report and recommendation and specifically referencing the injunctive relief specified in the report and recommendation. The "touchstone" of Rule 60(a) "is fidelity to the intent behind the original judgment." Garamendi v. Henin, 683 F.3d 1069, 1078 (9th Cir. 2012).

> A district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented.
> . . . .
> If a judgment, as worded, is too vague to permit enforcement, the court may reword the judgment as necessary to reflect its original intent.

Id. (quoting 12 James W. Moore, Moore's Federal Practice, § 60.11(1)(c) (2011)). That reasoning applies here and the court will issue an amended judgment to reflect its original intent. For the foregoing reasons, the court GRANTS plaintiff's motion.

**IT IS SO ORDERED.**

Dated: March 24, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge